UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENNETH RICKERSON,

    Plaintiff,

v.                                Case No. 4:20cv387-MW-HTC

MARK INCH, SECRETARY OF THE
FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, has filed an Amended Complaint (ECF Doc. 13), a Second Motion for Leave to Exceed Page Limitation (ECF Doc. 14), and an Amended Supplemental Complaint for Preliminary and Permanent Injunctive Relief (ECF Doc. 15). The motions are now before the Court for preliminary screening under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons that follow, the undersigned will GRANT Plaintiff's motion to exceed page limitation and accept Plaintiff's complaint. However, the undersigned respectfully recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process. Specifically, Plaintiff failed to disclose at least (11)

state actions he previously filed either challenging his conviction or otherwise related to the conditions of his confinement.

I. **STANDARD OF REVIEW**

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## II.     DISCUSSION

### A.     Plaintiff Failed To Disclose His Prior Litigation History

On August 3, 2020, Plaintiff initiated this action by filing a civil rights complaint with exhibits, which exceeded over 400 pages.  The Court entered an order directing Plaintiff to amend his complaint and reminding him that under this Court's Local Rules, the complaint should not exceed 25 pages, unless otherwise provided.  ECF Doc. 4.  After an extension of time, Plaintiff filed a 28-page amended complaint on November 16, 2020, along with a motion to exceed page limitations.  ECF Docs. 13, 14.

Although not on this Court's approved civil rights complaint form for prisoners, Plaintiff re-produced the Court's official form for his amended complaint.  At the end of the amended complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." ECF Doc. 13 at 27. Despite that declaration, Plaintiff made false representations in the amended complaint by omitting numerous state actions which he had previously filed.

Section IV of Plaintiff's amended complaint, titled Previous Lawsuits, specifically asks: "Have you initiated other actions . . . **in either state or federal court** that relate to the fact or manner of your incarceration . . . or the conditions of

your confinement?" ECF Doc. 13 at 3 (emphasis in original). Underneath this section, Plaintiff listed two previous federal actions and one state action as well as directed the Court to an additional page "necessary to list state court cases." *Id.* On the additional page, Plaintiff listed five state court actions. *Id.* at 28. Although not disclosed under this section, Plaintiff attached a printout of two other state court actions from Leon County to his initial compliant. ECF Doc. 1-3 at 12-13.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following eleven (11) state court actions which Plaintiff filed but failed to disclose.

>2016 CA 003142 (Okaloosa County)
>2016 CA 003144 (Okaloosa County)
>2017 CA 002255 (Leon County)
>2019 AP 000023 (Leon County)
>2019 AP 000024 (Leon County)
>2019 CA 002468 (Leon County)
>2019 CA 002748 (Leon County)
>2019 CA 002836 (Leon County)
>2020 CA 000035 (Leon County)
>2020 CA 000095 (Leon County)

Case No. 4:20cv387-MW-HTC

2020 CA 002144 (Leon County)[1]

Each of the cases above arises from a petition for writ of mandamus, a petition for writ of certiorari, a complaint, or a petition for temporary injunction related to plaintiff's incarceration or the conditions of his confinement. Although Plaintiff disclosed some cases from Leon County, he did not disclose the above cases. Interestingly, six (6) cases of the non-disclosed cases involve facts and allegations identical to those contained in the amended complaint.[2] Plaintiff cannot simply pick and choose the litigation he wants to disclose.

Although the Court is not convinced the list above is exhaustive of Plaintiff's filings, it is not the Court's obligation to scour every county for Plaintiff's filings. Rather the Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to**

---

[1] The record for these matters can be accessed at https://cvweb.leonclerk.com/public/online_services/search_courts/process.asp (Leon County) and https://clerkapps.okaloosaclerk.com/benchmarkweb2/CourtCase.aspx/CaseSearch (Okaloosa County).

[2] *See* 2019AP000023; 2019AP000024; 2019CA002748; 2019CA2836; 2020CA000035; 2020CA002144

Case No. 4:20cv387-MW-HTC

**disclose all prior civil cases may result in the dismissal of this case.**" ECF Doc. 13 at 3 (emphasis in original). Nonetheless, Plaintiff made a false representation in his amended complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Accordingly, it is ORDERED:

1. Plaintiff's Second Motion for Leave to Exceed Page Limitation (ECF Doc. 14) is GRANTED.

Accordingly, it is respectfully RECOMMENDED that:

2. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

3. The clerk be directed to terminate all pending motions and terminate this action.

Done in Pensacola, Florida, this 22nd day of December, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:20cv387-MW-HTC